# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MOSLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00557-SAB<br><br>ORDER REQUIRING PARTIES TO MEET AND CONFER AND FILE A JOINT STATEMENT OF UNDISPUTED FACTS AND PROVIDE COURTESY COPIES OF DEPOSITION TRANSCRIPTS<br><br>ORDER CONTINUING HEARING ON MOTION FOR SUMMARY JUDGMENT UNTIL MAY 15, 2019 AT 10:00 A.M.<br><br>(ECF Nos. 17, 21)<br><br>DEADLINE: May 1, 2019 |

On March 29, 2019, Defendant filed a motion for summary judgment, and Plaintiff filed an opposition to the motion for summary judgement on April 17, 2019. (ECF Nos. 17, 21.) Upon review of the submissions of the parties, the Court finds that the parties have failed to comply with the scheduling order issued in this matter on July 25, 2018, and the Local Rules of the Eastern District of California.

**I.　　Joint Statement of Undisputed Facts**

The July 25, 2018 scheduling order required that **"[i]n addition to the requirements of Local Rule 260, the moving party shall file a Joint Statement of Undisputed Facts."** (ECF No. 12 at 5 (emphasis in original).) The scheduling order provides that the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good

1

cause for the failure to meet and confer. (Id.)

In Defendants' notice of motion, Defendants state that their motion is based upon "(5) the Joint Statement of Undisputed Facts," and also state that pursuant to the Court's scheduling order issued July 25, 2018, "Defendants hereby certify that they met and conferred with Plaintiff prior to bringing this Motion in order to . . . arrive at a Joint Statement of Undisputed Facts . . . [a]s set forth in the Declaration of Bradley Schwan, after meeting and conferring, the Parties were unable to resolve the issues presented in this Motion." (ECF No. 17 at 3-4.) Defendants did not submit a joint statement of undisputed facts with their motion. In the declaration of Defendants' counsel attached to the motion for summary judgment, counsel declares that:

> In accordance with Local Rule 260 and the July 25, 2018 Scheduling Order in this case, I met and conferred by telephone in March 15, 2019 with Plaintiff's counsel John Migliazzo on the issues proposed for summary judgment and to achieve a stipulation as to which facts are undisputed. My associate Jannine Kranz sent Mr. Migliazzo a follow-up email on March 27, 2019, enclosing Defendants' proposed undisputed facts. On March 28, 2019, Mr. Migliazzo responded "I won't be able to review this thoroughly prior to the deadline. We have been in the trial preparation mode/last minute deposition mode this week." Accordingly, we have only submitted Defendant's Separate Statement of Undisputed Facts at this time. We intend to submit a Joint Statement as soon as Plaintiff's counsel is able to review the document.

(ECF No. 17-3 at 14-15.) Along with their opposition, Plaintiff submits a "response" to Defendants' statement of undisputed material facts indicating where Plaintiff disputes certain facts provided in Defendants' statement. (ECF No. 21.) Plaintiff also submits their own "separate statement of additional disputed facts in opposition" to Defendants' motion for summary judgment. (ECF No. 21-2.)

The requirement that the parties meet and confer regarding a joint statement of undisputed facts is not a suggestion to be complied with if convenient for the parties.[1] The parties are required to meet and confer in a good faith effort to file a joint statement of undisputed facts. The fact that the parties' counsel may have failed to provide a draft statement early enough, or are too busy or to work together on a tight timeline is not good cause to to fail to comply with the order and procedure for adjudication of a motion for summary judgment. The

---

[1] LR does not stand for "Local Recommendations" but "Local Rules", hence, their compliance is essential to litigation practice and the rights of each side. It is assumed that counsel have other cases, but attention must be given to this case.

2

parties shall be required to file a joint statement of undisputed facts. The Court provides the following guidance after review of the parties' separate statements of undisputed facts.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

The mere existence of an alleged factual dispute between the parties will not defeat the requirement that there be "no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477, U.S. at 248.

While it would appear obvious, the parties are advised that for a fact to be undisputed there must be no evidence to dispute the fact. Where the parties dispute that something occurred, the fact is not undisputed.

Further, legal conclusions, opinions, and allegations are not "facts". Keenan v. Allan, 889 F.Supp. 1320, 1353 (E.D. Wash. 1995), aff'd, 91 F.3d 1275 (9th Cir. 1996) (legal conclusions); In re Roman Catholic Archbishop of Portland in Oregon, 335 B.R. 868, 887 n.16 (Bankr. D. Or. 2005) (legal conclusions); Fed. Ins. Co. v. Burlington N. & Santa Fe Ry. Co., 270 F. Supp. 2d 1183, 1187 (C.D. Cal. 2003) (legal conclusions); Atcherley v. Clark, No. 1:12CV00225 LJO DLB, 2015 WL 4041994, at *8 (E.D. Cal. July 1, 2015) (opinions); Navickas v. U.S. Forest Serv., No. CIV. 03-3066-CO, 2004 WL 869600, at *4 (D. Or. Apr. 21, 2004), report and recommendation adopted, No. CIV.03-3066-CO, 2004 WL 1179331 at *4 n.2 (D. Or. May 26, 2004) (opinions); Melendez v. Morrow Cty. Sch. Dist., No. CIV. 07-875-AC, 2009 WL 4015426, at *16 (D. Or. Nov. 19, 2009), opinion clarified, No. CIV. 07-875-AC, 2010 WL 97759 (D. Or. Jan. 8, 2010) (allegations).

**II.     Deposition Transcripts**

In support of their pleadings, the parties include portions of deposition transcripts. Pursuant to the Local Rules,

> Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the email box of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties.

Local Rule 133(j).

Here, while both parties have relied on portions of depositions in their pleadings, the Court has not received courtesy copies of the depositions. The parties are required to provide the Court with complete copies of all depositions relied on in their pleadings.

**III.     Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall meet and confer to come up with a **single joint statement of undisputed facts** for the motion for summary judgment;

2. On or before **May 1, 2019**, the parties shall file their joint statement of undisputed facts;

3. The hearing on the motion for summary judgment (ECF No. 17), currently set for May 1, 2019, shall be CONTINUED to **May 15, 2019 at 10:00 a.m.** in Courtroom 9;

4. If the parties fail to file a joint statement of undisputed facts as required by this order, on or before **May 1, 2019**, the parties shall file a response explaining why monetary sanctions should not be imposed for the failure to comply with this order;[2] and

///

---

[2] Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

4

5. Within **seven (7) days** of the date of entry of this order, the parties shall provide courtesy copies of all depositions relied on in their pleading as required by Local Rule 133(j).

IT IS SO ORDERED.

Dated: **April 23, 2019**

UNITED STATES MAGISTRATE JUDGE